UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A BLACK CELLULAR TELEPHONE MODEL VLE5, S/N: HTT190822017102, FCC ID: 2APD4-A80C, MEID DEC: 22576853202237957, MEID HEX: 869190042237957 | Case No. 20-1124-TJS |



AFFIDAVIT IN SUPPORT OF
APPLICATION FOR SEARCH WARRANT

Your affiant, Special Agent ("SA") James S. Keay, of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") being duly sworn, deposes and states as follows:

I. **ITEMS TO BE SEARCHED**

1. This affidavit is submitted in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 authorizing the search of the following cellular telephone, described more fully in Attachment A:

    A black cellular telephone, model VLE5, S/N: HTT190822017102, FCC ID: 2APD4-A80C, MEID DEC: 22576853202237957, MEID HEX: 869190042237957 (hereinafter, "**SUBJECT DEVICE**").

2. The **SUBJECT DEVICE** is currently in the custody of the Baltimore City Police Department ("BPD") at 601 East Fayette Street Baltimore, MD 21202. BPD officers seized the **SUBJECT DEVICE** from Bruce WATER's person following his arrest on February 19, 2020.

3. Based on the facts set forth in this affidavit, I respectfully submit that there is probable cause to believe that there is presently concealed in the **SUBJECT DEVICE** information (described more fully in Attachment B) that constitutes evidence, fruits, and instrumentalities related to WATERS' possession of a firearm while distributing a controlled dangerous substance in violation of 18 U.S.C. § 922(g) (Felon in Possession of a Firearm), 18 U.S.C. § 924(c)

(Possession of a Firearm in Furtherance of Drug Trafficking), and 21 U.S.C § 841 (Possession with Intent to Distribute a Controlled Dangerous Substance).

4. The facts in this affidavit come from my training and experience, certain personal observations made during the course of the investigation, and information obtained from witnesses, other agents, and law enforcement officers. Specifically, I have personally participated in this investigation, spoken to others involved in the investigation, and reviewed reports made to me by other agents and officers of the ATF, BPD, and other law enforcement authorities. All conversations and statements described in this affidavit are related in substance and in part unless otherwise indicated.

5. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the requested warrant, it does not set forth all of my knowledge about this matter. Rather, I have set forth only those facts that I believe are necessary to establish probable cause to believe that the memory and content of the **SUBJECT DEVICE** will contain fruits, instrumentalities, and evidence of these crimes. I have not, however, excluded any information known to me that would defeat a determination of probable cause.

6. The applied for warrant would authorize members of the ATF, or their authorized representatives, including but not limited to other law enforcement agents assisting in the above-described investigation, to examine the SUBJECT DEVICE for the purpose of seizing electronically stored data described in Attachment B.

## II. AFFIANT BACKGROUND AND EXPERTISE

7. I am a Special Agent with the ATF and am currently assigned to the ATF Baltimore Field Division, Baltimore Group VI Field office. I have been employed by the ATF since 2015. I have participated in several investigations focusing on controlled dangerous substance ("CDS")

trafficking, gangs, and illegal firearms. I have conducted covert surveillance of suspected CDS traffickers, conducted interviews with individuals involved in gangs and the CDS trafficking trade, participated in Title III wiretap investigations, and have been a member of surveillance teams. I have also participated in the execution of several federal search and arrest warrants involving CDS traffickers and violent offenders, and participated in the seizure of firearms and CDS. Through my training and experience, I have become familiar with the manner in which illegal CDS and firearms are transported, stored, and distributed, the methods of payment for such CDS and firearms, and the manner in which CDS traffickers communicate with each other.

8. I know, based on my training and experience, that individuals involved with drug trafficking activities and illegal firearm possession frequently use cellular telephones, communication devices, and other electronic media storage to further their illegal activities. Persons who have firearms tend to take photographs of the firearm and ammunition, which is stored on their electronic device. An individual may communicate with others in reference to the purchase of or the selling of firearms and CDS through their electronic devices. Individuals found with firearms and CDS often post pictures of evidence, fruits of the crime, and instrumentalities, on social media pages to show others with whom they are connected.

9. More specifically, I know that drug traffickers use cellular telephones to further their objectives by communicating with drug suppliers and customers by talking and by sending e-mail messages, text messages, and messages through social media (e.g., Facebook).

### III.   PROBABLE CAUSE

#### A.   CASE BACKGROUND

10. On February 19, 2020, BPD detectives were on patrol in the 1000 block of West Lombard Street, Baltimore City MD. This area the area is known by detectives to have a large

volume of both illegal drug sales and crime.

11. While on patrol, BPD detectives observed WATERS sitting on the steps of one of the residences on Lombard Street. Detectives noticed that WATERS appeared to be dumping small items, consistent with the size and shape of CDS, into his hand from a plastic bag. Detectives then observed WATERS hand one of these items to a suspected buyer.

12. Believing they had witnessed a hand-to-hand CDS transaction, detectives approached WATERS. They observed WATERS tuck the bag of suspected CDS into his front waist area. Detectives stopped WATERS and recovered the bag from his waist. They found 32 small plastic jugs containing suspected cocaine inside the bag. Detectives arrested WATERS and found a loaded 9mm, SKYY CPX-1, semi-automatic pistol, bearing serial number 015236, from WATERS's waistband during a search incident to arrest. Detectives also recovered the **SUBJECT DEVICE** from WATERS.

13. Detectives subsequently learned that WATERS has at least one felony conviction punishable by imprisonment for a term exceeding one year, and is therefore prohibited from possessing a firearm.

14. Since WATERS'S arrest, WATERS has not had access to the **SUBJECT DEVICE** in order to destroy, delete, or otherwise tamper with any data on the **SUBJECT DEVICE**. For this reason, I believe any data and information contained on the **SUBJECT DEVICE** generated by WATERS may still be able to be recovered by a forensic analysis of **SUBJECT DEVICE** data.

### IV. CONCLUSION

15. I believe there is probable cause to believe the **SUBJECT DEVICE** contains evidence related to WATERS being a felon in possession of a prohibited firearm in violation of 18 U.S.C. § 922(g), his possession of a firearm in furtherance of drug trafficking in violation of 18

U.S.C. § 924(c), and his possession with intent to distribute controlled dangerous substances in violation of 21 U.S.C. § 841.

16. Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

WHEREFORE, in consideration of the facts presented, I respectfully request that this Court issue a search warrant for the **SUBJECT DEVICE** more fully described in Attachment A, and authorize the search and seizure of the items described in Attachment B.

Respectfully submitted,

JAMES KEAY  Digitally signed by JAMES KEAY
Date: 2020.04.17 11:33:44 -04'00'

James S. Keay
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 4(d) this 17th day of April, 2020

Honorable Timothy Sullivan
United States District Court

20-1124-TJS

## ATTACHMENT A
### Property to be searched

The device to be searched is as follows: A black cellular telephone Model VLE5, S/N: HTT190822017102, FCC ID: 2APD4-A80C, MEID DEC: 22576853202237957, MEID HEX: 869190042237957.

The device is currently in custody at the Baltimore City Police Evidence Control Unit, located at 601 East Fayette Street Baltimore, MD 21202.

20-1124-TJS

## ATTACHMENT B
### Information to be seized

This warrant authorizes the search and seizure of the data contained within the item described in Attachment A that are related to the violations of 18 U.S.C. §§ 922(g) (Felon in Possession of a Firearm), 924(c) (Possession of Firearm in Furtherance of Drug Trafficking, and 21 U.S.C. § 841 (Possession with Intent to Distribute a Controlled Dangerous Substance), as more fully described in the affidavit.  This data will include:

1. All of the following:

    a. digital images and photographs;

    b. digital videos;

    c. records of incoming and outgoing voice communications;

    d. records of incoming and outgoing text messages;

    e. the content of incoming and outgoing text messages;

    f. voicemails;

    g. voice recordings; and

    h. lists of contacts/associates and related identifying information

2. Any and all records related to the location of the user(s) of the device.

3. For the Device:

    a. Evidence of who used, owned, or controlled the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    b. evidence of software that would allow others to control the Devices, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the lack of such malicious software;

d. evidence of the attachment to the Devices of other storage devices or similar containers for electronic evidence;

e. evidence of counter forensic programs (and associated data) that are designed to eliminate data from the Devices;

f. evidence of the times the Devices were used;

g. passwords, encryption keys, and other access devices that may be necessary to access the Devices;

h. documentation and manuals that may be necessary to access the Devices or to conduct a forensic examination of the Devices;

i. contextual information necessary to understand the evidence described in this attachment.

**Search Protocol Regarding Potentially Privileged Information**

With respect to the search of the information provided pursuant to this warrant, law enforcement personnel will make reasonable efforts to use methods and procedures that will locate and expose those categories of files, document, communications, or other electronically stored information that are identified with particularity in the warrant while minimizing the review of information not within the list of items to be seized as set forth herein, to the extent reasonably practicable. If the government identifies any seized communications that may implicate the attorney-client privilege, law enforcement personnel will discontinue its review and take appropriate steps to segregate all potentially privileged information so as to protect it from substantive review. The investigative team will take no further steps regarding any review of

information so segregated absent further order of the court. The investigative team may continue to review any information not segregated as potentially privileged.